Philip E. CORCORAN, Plaintiff—
Appellant,

v.

Rolf T. OLSON, Individually and as a member of the Board of Nursing of the State of Oregon; Jennifer Wagner, Individually and as a member of the Board of Nursing of the State of Oregon; Deborah Burton, Individually and as a member of the Board of Nursing of the State of Oregon; Michell Borskin, Individually and as a member of the Board of Nursing of the State of Oregon; Linda Manous, Individually and as a member of the Board of Nursing of the State of Oregon; Dianne Sjobeck, Individually and as a member of the Board of Nursing of the State of Oregon; Cora Smith, Individually and as a member of the Board of Nursing of the State of Oregon; Celina Tobias, Individually and as a member of the Board of Nursing of the State of Oregon; Peggy Yeats, Individually and as a member of the Board of Nursing of the State of Oregon, Defendants—Appellees.

No. 02–36037.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided April 30, 2004.

Claud A. Ingram, Jr., Eugene, OR, for Plaintiff–Appellant.

Denise G. Fjordbeck, Esq., Patricia Bridge Urquhart, Esq., Salem, OR, for Defendants–Appellees.

Before MCKEOWN, FISHER, Circuit Judges, and GONZALEZ, District Judge.*

* Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM **

This case arises out of the suspension of Philip E. Corcoran's registered nurse license and nurse practitioner certificate by the Oregon State Board of Nursing ("the Board"). Corcoran filed suit against the members of the Board, asserting a claim under 42 U.S.C. § 1983 for violation of his procedural due process rights. The district court dismissed Corcoran's complaint under Federal Rule of Civil Procedure 12(b)(6) and denied leave to amend. We have jurisdiction under 28 U.S.C. § 1291. For the reasons discussed below, we affirm.

Because the parties are familiar with the factual background, we do not recite the details here.

## I.

### STANDARD OF REVIEW

We review dismissal for failure to state a claim under Rule 12(b)(6) de novo. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.2001). We review denial of leave to amend for abuse of discretion. (*Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir.2001), *modified* 292 F.3d 1045 (2002)). In addition, we may affirm the judgment of the district court on any ground supported by the record, even if our rationale differs from that of the district court. *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir.2003).

## II.

### DISCUSSION

Corcoran's complaint is based on an allegation that the Board failed to abide by the state's established procedures for revoking professional licenses, thus depriving him of his procedural due process rights, not on an allegation that these procedures are inadequate. A state official's failure to abide by constitutionally adequate procedures does not, under the circumstances of this case, give rise to a cause of action under § 1983 for violation of procedural due process if a meaningful post-deprivation remedy is available.[1] *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540–42, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Raditch v. United States*, 929 F.2d 478, 480–81 (9th Cir.1991). Under *Hudson*, there is no due process violation when an adequate state remedy is available because a state action is not complete until the state provides, or refuses to provide, an adequate remedy for a state actor's failure to comply with established procedures. *Hudson*, 468 U.S. at 533, 104 S.Ct. 3194. Accordingly, when a plaintiff alleges that he suffered from an unauthorized deprivation of procedural due process, and there is an adequate state remedy, the plaintiff has no cause of action under § 1983.[2] *Id.; Raditch*, 929 F.2d at 480–81. The fact that the available state remedy is less than what a plaintiff might receive in a § 1983 action is not determina-

---

** This disposition is not appropriate for publication and may not be cited to or by the Courts of this circuit, except as provided by Ninth Circuit Rule 36–3.

1. We conclude that the facts in the present case are appropriately analyzed under *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), rather than under *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

2. This is not to say that a procedural due process claim under § 1983 requires exhaustion of administrative remedies. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 500–01, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (exhaustion is not a prerequisite to an action under § 1983). To the extent that the district court's holding was based on an exhaustion requirement, it was in error.

tive of the adequacy of the state remedy. *Hudson,* 486 U.S. at 535, 108 S.Ct. 1954.

The Oregon Administrative Procedures Act ("the Act") provides that professional licenses may be suspended without a pre-deprivation hearing, provided that the suspending agency "finds a serious danger to the public health or safety and sets forth specific reasons for such findings." Or. Rev.Stat. § 183.430(2) (2001). The Act also provides for judicial review of final agency orders. Or.Rev.Stat. § 183.480 (2001). Corcoran does not allege that the Act itself fails to provide sufficient procedural due process; rather, he argues that the members of the Board did not comply with the requirements of the Act. Since Corcoran does not argue that the state's procedures are themselves inadequate, Corcoran's remedy is to seek relief under state law for the Board's alleged violation of the established state procedures. The fact that damages may be capped under state law does not render Corcoran's state remedy inadequate.

### III.

### CONCLUSION

Because Corcoran's § 1983 suit for violation of procedural due process is precluded by the availability of adequate state remedies under *Hudson,* Corcoran's complaint was properly dismissed. Moreover, the district court did not abuse its discretion in denying leave to amend, as the availability of an adequate state remedy renders amendment futile.

AFFIRMED.

